PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2004 Ford Focus struck two holes on Enterprise Road in Fairmont, Marion County. Enterprise Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred at approximately 7:30 p.m. or 8:00 p.m. on February 1, 2008. Enterprise Road is a paved, two-lane road with yellow center lines and white edge lines. At the time of the incident, claimant was driving from Muriel’s Restaurant in Fairmont to his home in Shinnston. Claimant’s two sons, who were passengers in the vehicle, suggested a shortcut through Manley Chapel Road. Claimant drove onto Manley Chapel Road and turned onto Enterprise Road. As he was driving on Enterprise Road at approximately thirty-five to forty miles per hour, his vehicle struck a hole located on the right side of the road near the road’s white edge line. The hole was approximately five or six inches deep. The second hole was situated a quarter of a mile from the first hole and was located on the left side of the road near the road’s yellow center lines. This hole was approximately eight inches deep. The photographs demonstrate that there were numerous holes on the road. Claimant testified that he travels this road approximately once a month. As a result of this incident, claimant’s vehicle sustained damage to two tires ($374.69), two rims ($711.65), and its *243 alignment ($74.19) in the amount of $1,160.53. Since claimant’s insurance deductible was $500.00, his recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on Enterprise Road. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the holes which claimant’s vehicle struck and that the holes presented a hazard to the traveling public. The size of the holes and their location lead the Court to conclude that respondent had notice of this condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $500.00.
Award of $500.00.